IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY BOYD,
Petitioner,

v.

WARDEN J. HUTCHINSON
Respondent.

#3

No. 1:23-cv-82

No Fee
No IFP

(SB)

MOTION REQUESTING IMMEDIATE APPLICATION OF EARNED FIRST STEP ACT CREDITS PURSUANT TO TITLE 28 U.S.C. 2241 AND TITLE 28 U.S.C. 1651.

Petitioner Anthony Boyd, pro se earned 365 days off the federal custody of his sentence and 165 days of extra Halfway-House (hereafter RRC) from the First Step Act of 2018. (See Exhibit A page 1, highlighted portion). F.C.I. McKean and the Bureau of Prisons wrongfully failed to apply the credits to Petitioner.

I. THE CHANGE FROM LOW-RECIDIVISM RISK TO MEDIUM RECIDIVISM RISK FORMS THE CRUX OF THIS CLAIM.

Petitioner was a low-recidivism risk from 12/18/2018 until sometime in late 2022, nearly 4 years. Sometime between the assessment period 008 06-03-2022 11-30-2022 ACTUAL FSA

1.

R-MED, (second to last line on page 2 of Exhibit A) I was changed from a low-recidivism risk to a medium-recidivism risk. I did not have any disciplinary infractions or do anything for my recidivism risk to be raised. There was no moratorium on the application of FSA Time Credits during this period either. The change in recidivism risk precluded me from having my FSA credits applied. I was/am eligible to receive the credits and satisfied all requirements of 28 C.F.R. 523.42 and Title 18 3624 (g)(D)(i)(ii) during the 06-03-2022 risk assessment. Nevertheless, I did not receive any time credits. My present release date is 6/28/2024, had I received my earned credits of 365 days prerelease custody and 165 days RRC I would have been released to a RRC in the summer of 2022. My statutory release date would have changed to 6/29/2023. I would have been in a RRC when my recidivism risk was changed from low-risk to medium.

## II. PETITIONER HAS BEEN PRECLUDED FROM EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Case Manager Murphy of AA Unit at F.C.I. McKean told me for years that I was ineligible to receive FSA Time Credits, and only gave me

2.

Exhibit A on 3-3-2023. This was the first time I discovered this. One week later, Case Manager Murphy informed me I was eligible to receive FSA Time credits. I only have 108 days from the date of this motion until 6/29/2023, the date of my new statutory release date if I were to receive 365 days prerelease custody. After that, I would begin losing days of prerelease custody. I have lost all 165 days of earned RRC placement. I contend that pursuant to Lyons v. U.S. Marshals 840 F.2d 202 (3rd. Cir. 1987), Case Manager Murphy's lies or ineptitude violated my constitutional and/or statutory rights. Therefore, rendering exhaustion futile, as I would be time-barred and this is a time-sensitive petition.

### RELIEF REQUESTED

I humbly ask this Court for an emergency order for Warden Hutchinson to promptly apply my FSA Time credits to my sentence. I, Anthony Boyd, declare pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

March 13, 2023

Respectfully Submitted,

Anthony Boyd
Anthony Boyd
#42603-054
F.C.I McKean
P.O. Box 8000
Bradford, PA 16701

3.